## Daniels & Smith *versus* Sanderson.

1. In an appeal from the judgment of an alderman a *narr.* was filed and rule entered to plead in *eight* days or judgment. *Ten* days afterwards a plea *in abatement* was filed: *Held*, that it was too late, and that such plea was properly stricken off and judgment entered.

2. Where no application for relief appears to have been made in the Court below on the ground of want of notice of a rule to plead, in this Court notice of such rule will be presumed.

ERROR to the Common Pleas, *Philadelphia*.

This was an appeal from the judgment of an alderman in a suit on a book account, by John P. Sanderson *v.* William Daniels and Samuel B. Smith, and was entered to June Term, 1852.

On 7th July, 1852, *narr.* was filed and rule to plead in eight days or judgment. July 17, 1852, plea in abatement filed to

[Daniels & Smith *v.* Sanderson.]

the nonjoinder of a third person, who was a copartner with the defendants. September 20, rule to show cause why the plea in abatement should not be stricken off and judgment entered for want of a plea. October 30, 1852, rule made absolute. December 6, 1852, rule entered to set aside the execution and let defendants into a defence. December 24, 1852, rule discharged.

Error was assigned: 1st, to the entry of judgment. 4th. That the prothonotary had no right to assess the damages; and 5th. That the Court erred in not setting aside the *fi. fa.* and opening the judgment.

*Otterson* and *Sheppard,* for plaintiffs in error.

*Porter* and *Greenbank,* for defendant in error.

On the part of the defendant in error it was contended, that all dilatory pleas must be pleaded at a preliminary stage of the suit (15 *Ser. & R.* 150), and ought to be put in within *four* days after declaration filed: 6 *Ser. & R.* 69; 9 *Barr* 447. Upon appeal from the judgment of a justice of the peace, the defendant cannot plead in abatement if he has neglected to do so before the justice: 4 *Watts* 433, Hinckley *v.* Smith. If a plea in abatement be not filed in due time it may be treated as a nullity: 1 *Troubat & Haly* 387, *3d edition;* 1 *Term Rep.* 277, Jennings *v.* Webb; 5 *Id.* 210; 7 *Id.* 298.

The opinion of the Court was delivered by
LEWIS, J.—By the English practice, if the declaration be delivered, or filed, and notice given, before the three last days of the term, a plea in abatement will be too late, unless filed on or before the fourth day after the delivery or notice. If the declaration be filed in vacation, or upon any of the three last days of the term, the defendant may plead in abatement within the first four days of the following term. This extension of time is given only upon getting a side bar rule for a special imparlance, which must be entered on the plea in making up the issue, and in practice it is usual to state it in the plea itself: 2 *Arch.* 1. In Stoever *v.* Gloninger, 6 *Ser. & R.* 69, it is said, that an ordinary plea in abatement must be put in within four days after the declaration has been delivered. If a defendant is under terms of pleading issuably, he must plead in chief to the merits, and a plea in abatement will not be regarded as an issuable plea: 3 *B. & P.* 171; 1 *Barr* 59; *Barnes* 263; 1 *Chitty Pl.* 506; 3 *John. R.* 259. If a defendant, under terms of pleading issuably, puts in a plea in abatement, the plaintiff may treat it as a nullity and sign judgment: 1 *Chitty Pl.* 506.

[Daniels & Smith *v.* Sanderson.]

Or if a defendant plead in abatement, after the time allowed by the rules or practice of the Court, the plaintiff may treat the plea as a nullity and sign judgment, although the rule to plead has not expired, or even though no rule to plead has been regularly given : 1 *T. R.* 689; 1 *Arch. Pr.* 1. In this case, the plea in abatement was filed, not only after the expiration of the four days from the filing of the declaration, but two days after the expiration of the time allowed by the rule to plead.

In this Court notice of the rule will be presumed. An injury arising from the want of it may be corrected in the Court of original jurisdiction. No application was made for relief on this ground. It was, therefore, perfectly correct to treat the plea in abatement as a nullity, and to sign judgment for default of a plea to the merits, in accordance with the requirement of the rule to plead.

Judgment affirmed.